UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTOINE HILL-EL, Petitioner | CIVIL ACTION NO. 1:18-CV-1411-P |
| VERSUS | JUDGE DEE D. DRELL |
| CALVIN JOHNSON, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a complaint filed by pro se Plaintiff Antoine Hill-El ("Hill-El") (#44466-007) pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics.[1]  Hill-El is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana.  Hill-El claims that his custody is unlawful because he is a Moorish-American.  He seeks a release from imprisonment and compensatory damages for his wrongful incarceration.

Because Hill-El cannot obtain release through a Bivens action, and his conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, his complaint should be denied and dismissed with prejudice.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

I. Background

Hill-El alleges that he is a Moorish American, not a U.S. citizen, so he is not subject to "involuntary servitude" or slavery through imprisonment. (Doc. 1, p. 3). Thus, Hill-El challenges the legality of his incarceration.

II. Law and Analysis

    A. Hill-El's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Hill-El is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 12). As a prisoner seeking redress from an officer or employee of a governmental entity, Hill-El's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Hill-El's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

    B.    Hill-El's "sovereign citizen" claim is frivolous.

Hill-El's suit is based on his claim that he is a "sovereign citizen." There is no constitutional support for this theory. In fact, the Fourteenth Amendment provides that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside." U.S. Const. amend. XIV, § 1. Courts routinely dismiss sovereign citizen claims as frivolous or otherwise lacking merit. See, e.g., Wirsche v. Bank of Am., N.A., 2013 WL 6564657 at *2 (S.D. Tex. Dec. 13, 2013) (noting that "[t]hese teachings have never worked in a court of law—not a single time."); West v. Enns, 2017 WL 2313469 at *3 (N.D. Tex. Apr. 27, 2017) (collecting cases on dismissals of sovereign citizen claims).

    C.    Hill-El cannot obtain a release from custody through a Bivens action.

Even if Hill-El presented a basis for his claim other than the allegation that he is a sovereign citizen, the claim would fail. Hill-El seeks an immediate release from custody. Such relief is not available through a civil rights or Bivens action and must be requested through a petition for writ of habeas corpus. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994); Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989). A civil rights suit is the proper procedure for attacking unconstitutional conditions of confinement and prison

procedures. See Carson at 820; Cook at 168. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." Muhammad v. Close, 540 U.S. 749, 750 (2004).

### D. Hill-El's claim for monetary damages is barred by Heck v. Humphrey.

In addition to a release from custody, Hill-El seeks monetary damages for his allegedly unlawful imprisonment. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 or Bivens plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

An award of damages based on Hill-El's claim that his imprisonment is unlawful would call into the question the validity of the conviction for which he is imprisoned. Hill-El's conviction has not been invalidated, reversed, or called into question by the issuance of a writ of habeas corpus. Therefore, Hill-El's Bivens claim is barred by Heck. Claims barred by Heck are legally frivolous. See Hamilton v. Lyons, 74 F.3d 99, 102-03 (5th Cir. 1996).

Hill-El attaches to his complaint a disciplinary hearing officer report sanctioning Hill-El with the loss of privileges and good time for improperly using the mail system. (Doc. 1-2, p. 18). To the extent Hill-El seeks monetary damages related to this disciplinary conviction, the claim is also barred by Heck. See Heck, 512 U.S.

4

at 486–87; Edwards v. Balisok, 520 U.S. 641, 648 (1997); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (applying Heck holding to a disciplinary conviction).

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Hill-El's complaint be **DENIED** and **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __19th__ day of December, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge